IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| TUONG Q. NGUYEN, | : | BANKR. NO. 19-14310 ELF |
| | : | |
| Debtor. | : | |
| ANDREW R. VARA, | : | |
| ACTING UNITED STATES TRUSTEE, | : | ADV. NO. 19-00199 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TUONG Q. NGUYEN, | : | |
| | : | |
| Defendant. | : | |

**MOTION TO APPROVE STIPULATION AND AGREEMENT
RESOLVING ADVERSARY PROCEEDING**

Plaintiff, the U. S. trustee by his undersigned counsel hereby moves, pursuant to 11 U.S.C. § 105(a) and Fed.R.Bankr.P. 7041, for entry of an order authorizing and approving the Stipulation and Agreement by and among the United States trustee and the Defendant, Tuong Q. Nyugen.  In support of this motion, the U. S. trustee represents as follows:

1.  This adversary proceeding was commenced by the filing of a complaint by the U. S. trustee ("Plaintiff") against Tuong Q. Nyugen ("Defendant") on October 10, 2019.

2.  Pursuant to the complaint, the U. S. trustee sought denial of the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3), (a)(4)(A), and (a)(5).

3.  Pursuant to a stipulation and order approving same entered on November 12, 2019, the time for the Defendant to answer the Complaint was extended and no answer has, therefore, been filed.

4.  Subsequent to service of the Complaint on the Defendant, the parties have

cooperated in informal discovery and the Defendant has produced information and explanations regarding issues raised in the Complaint, which discovery has shown, *inter alia*, that the Defendant's financial difficulties were related to a short period of online sports gambling activities which required the establishment of one or more cloud based accounts, and that such accounts were not used to purchase or hold crypto currency.

5. Based on the results of informal discovery referenced above, the parties have reached an agreement to settle this matter, which has now been reduced to writing in the form of the Stipulation and Agreement which is attached hereto as *Exhibit A*.

6. While the U. S. trustee believes he would likely prevail on one or more of the counts raised in his Complaint, there is also a substantial likelihood creditors with valid claims against the Defendant would recover nothing on those claims absent a distribution under the provisions of the Bankruptcy Code, as contemplated in the Stipulation and Agreement.

7. The salient terms of the Stipulation and Agreement can be summarized as follows:

    a. The Defendant will be permitted to convert his case to chapter 13 and prepare and file a plan which should provide a distribution to unsecured creditors and payment of chapter 7 administrative expenses, if any.

    b. If the Defendant's case is dismissed for any reason prior to the expiration of the applicable chapter 13 commitment period, thirty six months from the date the Petition was filed (the "Petition Date"), the Defendant shall be prohibited from filing a subsequent petition under any chapter of the Bankruptcy Code for the same period of time, thirty six months from the Petition Date.

    c. If the Defendant seeks to reconvert his case to chapter 7, and/or if

2

the case is reconverted to chapter 7, the Defendant shall be ineligible for a discharge of any debts existing on the Petition Date, whether or not such debts were listed in the Debtor's Schedules.

        d.      If the Defendant obtains confirmation of a chapter 13 plan in compliance with the terms of the Stipulation and Agreement, and completes the payments under the plan, or otherwise satisfy the requirements to obtain a discharge under chapter 13, the Plaintiff will not object to the granting of his discharge.

        8.      Plaintiff believes and represents that approval of the Stipulation and Agreement is in the best interest of creditors and other parties in interest as it will, *inter alia*, likely provide for a distribution to creditors with valid claims against the Defendant, as well as administrative claimants, if any. The Stipulation and Agreement also protects the integrity of the bankruptcy system by obligating the Defendant to provide a distribution to creditors with valid claims to obtain the discharge he seeks.

        9.      Notice of this Motion, together with a copy thereof, which includes the Stipulation and Agreement, is being served on all creditors and the chapter 7 trustee, providing an opportunity to review the proposed settlement and raise any appropriate objections thereto.

        10.      The Plaintiff asserts that the terms of the Stipulation and Agreement which inure to the benefit of all creditors holding valid claims in this case as well as administrative claimants, if any, together with the provision to all creditors and other parties in interest of notice of this settlement and the opportunity to object and be heard thereon, constitute sufficient grounds for the approval the agreement of the parties to this adversary proceeding. *See In re Salinardi*, 307 B.R. 353 (Bankr. D. Conn. 2004).

        Based on the above, the U. S. trustee requests that the Court enter an order approving the attached Stipulation and Agreement, and closing this adversary proceeding upon

the approval of the conversion of the Defendant's motion to convert his case to chapter 13 as required under the Stipulation and Agreement. The U. S. trustee specifically reserves the right to supplement this motion at or prior to the hearing on this matter.

DATED this  *17th*  day of December, 2019.

        ANDREW A. VARA
        Acting United States trustee

By:    */s/ Dave P. Adams*
       Dave P. Adams
       200 Chestnut Street, Suite 502
       Philadelphia, Pennsylvania  19106
       (215) 597-4411
       (215) 923-1293 (fax)
       dave.p.adams@usdoj.gov